UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                         CRIMINAL ACTION

VERSUS                                                                          NO. 03-271

GREGORY L. SPELLS                                                   SECTION "K"

**ORDER AND REASONS**

Before the Court is defendant Gregory Spells' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 39). Having reviewed the pleadings, the record and the relevant law, the Court finds that the defendant was denied his constitutional right to appeal this Court's denial of a motion to suppress. In all other aspects, the defendant knowingly waived his appeal rights.

On August 14, 2003, Gregory Spells was indicted by a grand jury in a two-count indictment charging possession with intent to distribute more than 50 grams of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and possession of four firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(i). (Doc. 1). On October 17, 2003, Spells filed a Motion to Suppress the search warrant that had been executed at his home and all items seized pursuant to that warrant. (Doc. No. 11). Following an evidentiary hearing on November 12, 2003, this Court denied the motion. (Doc. No. 15).

On February 4, 2004, Spells pleaded guilty as charged to Counts 1 and 2 pursuant to a plea agreement wherein he specifically waived his right to appeal in general but reserved his right to appeal the denial of his motion to suppress evidence. (Doc. 22 at 2). At his rearraignment, this Court unequivocally informed defendant of his rights, inquired as to whether he was waiving his appeal rights knowingly to which the defendant attested under oath that he understood that he was waiving his appeal rights including his rights under Section 2255 unless the Court imposed a sentence (1) in excess of the statutory maximum, (2) that upwardly departed from the Sentencing Guidelines or if the defendant was deprived of certain constitutional rights, including the effective assistance of counsel.

On February 5, 2004, defendant's retained counsel filed a notice of appeal. (Doc. 24). This Court entered its judgment on May 19, 2004, in which this Court sentenced the defendant to 120 months imprisonment on Count 1 and 60 months imprisonment on Count 2, to run consecutively. (Doc. 26). On June 2, 2004, the Fifth Circuit advised that the judgment and commitment order had been entered and that certain actions must be taken within 15 days. Thus, the appellate fee and the transcript order was due on June 17, 2004.

As averred by plaintiff and confirmed by defendant's retained counsel, Spells' retained counsel paid the fee of $255.00; however, he failed to pursue the appeal any further as Spells had not provided a retainer of at least $10,000. As a result, the Court of Appeals dismissed Spells appeal as of June 20, 2004 for want of prosecution as appellant had not made financial arrangements with the court reporter. Spells' retained counsel explained to the Court that there was a lack of understanding by the defendant's family of the necessity to pay this fee before counsel would

proceed and the deadline ran without any action being taken to protect Spells' appeal rights. Indeed, on December 15, 2004, retained counsel, after the dismissal of the appeal, moved to withdraw as counsel of record without any mention of this defalcation.

On October 28, 2004, the defendant moved this Court to reinstate his appeal, grant permission to appeal in *forma pauperis* and to appoint counsel to represent him in the appeal process. The Court denied the motion to reinstate his appeal as the particular facts noted above where not made clear in that motion. The Court granted his request to appeal in *forma pauperis*, but denied the motion to reinstate his appeal as the Court has no authority to do so, and it denied his request for counsel.

On May 18, 2005, the instant Motion to Vacate was filed. In the ensuing months, Hurricane Katrina caused the delay in a response from the Government. Having now reviewed the defendant's affidavit (Doc. 31) and having confirmed that the gist of Spells' averments are true, it is clear to the Court that there has been a miscarriage of justice in that the appeal concerning this Court's denial of defendant's Motion to Suppress was a condition of the plea agreement and resulting acceptance of a plea of guilty.

As such, under the dictates of *United States v. West*, 240 F.3d 456 (5th Cir. 2001), this Court shall grant an out-of-time direct criminal appeal, re-enter the underlying criminal judgment and dismiss this Motion to Vacate without prejudice. Furthermore, the Court will order the appointment of the Federal Public Defender for purposes of Spells' appeal subject to the satisfactory completion of the qualifying questionnaire. The matter of qualifying for same shall be referred to the Magistrate Judge for determination. Furthermore, appointed counsel is to file the appropriate transcript

request. Accordingly, considering the defendant's Motion to Vacate pursuant to Section 2255,

**IT IS ORDERED** that an out-of-time appeal is **GRANTED,** and the criminal judgment entered on May 19, 2004, ( Doc. 26) is **ORDERED TO BE RE-ENTERED.**[1]

**IT IS FURTHER ORDERED** that Gregory Spells' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. 39) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Federal Public Defender is appointed as counsel to Gregory Spells subject to the determination of Gregory Spells' entitlement thereto and that the Federal Public Defender shall file the appropriate transcript request on his behalf.

**IT IS FURTHER ORDERED** that the determination of Spells' entitlement to counsel is **REFERRED to Magistrate Judge Sally Shushan.**

New Orleans, Louisiana, this   4th   day of April, 2006.

                                                                       **STANWOOD R. DUVAL, JR.**
                                                                       **UNITED STATES DISTRICT COURT JUDGE**

---

[1] This order renders moot the following motions: Motion for Reconsideration (Doc. 36), Motion for Transcripts (Doc. 37), Motion for Extention of Time to File (Doc. 38), Motion to Appoint Counsel (Doc. 42 and 43), Motion to Submit a Travere (Doc. 51), Motion for Court's Order (Doc. 54), Motion for Leave to File (Doc. 58) and Motion to be Present at Resentencing (Doc. 62).