UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 03-271

GREGORY L. SPELLS                            SECTION "K"

## TRANSFER ORDER

Defendant Gregory L. Spells pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. §841(a)(1) and one count of possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(I). He is presently incarcerated, having been sentenced to serve a 120 month term of imprisonment on the drug trafficking count and a sixty month term of imprisonment on the firearms count. The Court ordered the sentences to be served consecutively.

Defendant has filed a motion for writ of *habeas corpus* pursuant to 28 U.S.C. §2255 seeking to vacate his conviction. Defendant has previously filed a motion seeking a writ of *habeas corpus* pursuant to 28 U.S.C. §2255 for these same convictions. In his first motion for post-conviction relief, defendant sought to vacate his convictions on the following grounds:

- his counsel rendered ineffective assistance by failing to file a notice of appeal;
- he did not knowingly and voluntarily waive his unlimited right to appeal;
- trial counsel rendered ineffective assistance by failing to challenge results of laboratory tests used to determine the amount of cocaine base involved in the offense; and
- the Court erred in denying defendant's motion to suppress.

The Court granted petitioner an out-of-time appeal concluding that "defendant was denied his constitutional right to appeal this Court's denial of a motion to suppress" and further concluded

that "in all other aspects, the defendant knowingly waived his appeal rights."  *United States v. Spells,* No. 03-271 (E.D. La. April 4, 2006)(Doc. 63).   Thereafter petitioner filed a direct appeal of his conviction.  The court of appeals affirmed petitioner's conviction.  *United States v. Spells,* No. 06-30431 (5th Cir. February 5, 2007)(Doc. 78-2).

Petitioner has now filed a second motion for *habeas corpus* relief seeking to vacate his conviction on the ground  that "Defense counsel, the Court, and the Government did not ensure that Mr. Spells entered a voluntary and informed guilty plea."  Doc. 80, "Brief in Support of Ground One." p. 2.  The government urges that defendant's application for post-conviction relief is a successive application for relief and therefore must be  dismissed because petitioner failed to obtain authorization from the Fifth Circuit Court of Appeals before filing this successive application.  Defendant asserts that the pending application is not a successive application because the claim he now urges has  "'arisen since the direct appeal was decided."  (Doc. 85, p.2).

Title 28 U.S.C. §2255 provides that before a successive application for *habeas corpus* relief may be filed in a district court, "the appropriate court of appeals" must authorize the district court to consider the application by certifying that the successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The statute does not define "successive motion"; however, the Fifth Circuit has held that a "petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."

*In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). In his first motion for *habeas* relief, defendant could have raised the claim he now urges, i.e., that he did not plead guilty knowingly and voluntarily. Because the pending claim could have been raised in defendant's initial *habeas* motion, the pending *habeas* motion is a successive application for *habeas corpus* relief.

Before this *habeas* motion can be considered on the merits, defendant must obtain authorization to file this successive motion from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that court as required by 28 U.S.C. §2255.

Accordingly,

**IT IS ORDERED** that the November 13, 2007, motion for relief be construed in part as a motion for authorization for the District Court to consider the successive claims raised therein.

**IT IS FURTHER ORDERED** that the motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. §1631 for that court to determine whether movant has made the required showing set forth in 28 U.S.C. §2255.

New Orleans, Louisiana, this 20th day of March, 2008.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE