UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GREGORY L. SPELLS | CIVIL ACTION |
| VERSUS | NO: 03-0271 |
| UNITED STATES OF AMERICA | SECTION "K" |

ORDER AND REASONS

Before the Court is Defendant Gregory L. Spells ("Spells") seeking post conviction relief pursuant to Title 28, United States Code, Section 2255.  Upon review of the entire record, it is clear that movant is not entitled to post-conviction relief under § 2255, and that an evidentiary hearing is not necessary.  Accordingly, defendant's motion to vacate his convictions and sentences is DISMISSED WITH PREJUDICE.

I. BACKGROUND

A federal grand jury indicted Gregory L. Spells on two-counts: possession with intent to distribute 50 grams or more of cocaine base ("crack") in violation of Title 21, United States Code, Section 841(a)(1), and possession of four firearms in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).  Spells filed a Motion to Suppress the search warrant executed at his home and all items seized pursuant to that warrant asserting that no probable cause for the warrant existed.  Following an evidentiary hearing, the Court entered an order denying Spells's motion.

2

In February 2004, Spells pled guilty as charged to Counts 1 and 2, pursuant to a plea agreement wherein he specifically reserved "his right to appeal the District Court's denial of his motion to suppress the evidence." In May 2004, the Court sentenced Spells to 120 months imprisonment on Count 1 and 60 months of imprisonment on Count 2, to run consecutively.

Spells's attorney filed a timely notice of appeal. Thereafter, the Court of Appeals for the Fifth Circuit dismissed Spells's appeal for want of prosecution for failing to timely order a transcript and make financial arrangements with the court reporter. *United States v. Spells*, No. 04-30209 (5th Cir. filed June 30, 2004).

After, Spells filed a Motion to Vacate under Title 28, United States Code, Section 2255. Spells alleged ineffective assistance of counsel in that his attorney:

- failed to file an appellate brief challenging the Court's ruling on his motion to suppress the evidence;
- allowed Spells to unknowingly and unintelligently plead to the stipulations of the plea agreement whereby he waived his constitutional rights; and
- failed to raise the issue of the laboratory results for the amount of cocaine base that he was held responsible for possessing.

In addition, he contended that the search warrant for his residence was deficient and did not support probable cause. The Court granted Spells an out-of-time appeal based on his attorney's failure to pursue an appeal of the suppression issue and determined that in all other aspects, the defendant knowingly waived his appeal rights. The Fifth Circuit affirmed the Court's denial of the motion to suppress. *United States v. Spells*, 215 F. App'x 378 (5th Cir. 2007).

Later, Spells filed a second Motion to Vacate under Title 28, United States Code, Section 2255. In that motion, Spells alleged that his guilty plea was not knowing and informed. The Court construed the motion as successive pursuant to Title 28, United States Code, Section 2255 and transferred it to the Fifth Circuit for determination of whether the District Court was

3

authorized to consider the Motion to Vacate.

In his Certificate for Appealability to the Fifth Circuit, Spells alleged ineffective assistance of counsel contending that his attorney failed to "challenge the drug amount," "failed to investigate whether he carried or possessed the firearms within the meaning of *Bailey v. United States*," and "failed to raise an objection pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004)." *In re Gregory L. Spells*, No. 08-30312, at *1-*2 (5th Cir. filed June 3, 2008). Furthermore, Spells contended "his plea was not knowing and voluntary." *Id.* The Court of Appeals for the Fifth Circuit ruled that Spells could file a Motion to Vacate on the grounds that he received ineffective assistance of counsel because he alleged that his "trial counsel failed to challenge the drug amount for which the government held him responsible and failed to investigate whether he carried or possessed the firearms within the meaning of *Bailey v. United States*, 516 U.S. 137 (1995)," and "failed to raise an objection pursuant to *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004)."[1]

## II.  ANALYSIS

Title 28, United States Code, Section 2255, provides, "[A] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate . . . the sentence."  28 U.S.C. § 2255(a) (2000).

---

[1] The Fifth Circuit held Spells's remaining ground, i.e., that "his plea was not knowing and voluntary," to be successive. *In re Gregory L. Spells*, No. 08-30312, at *2 (5th Cir. June 3, 2008).

To make a valid claim for ineffective assistance of counsel, defendants must satisfy both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). They must show (1) their counsel's performance was deficient; and (2) their counsel's deficient performance prejudiced their defense. *Id.* at 687, 104 S.Ct. at 2064. As to the deficient performance prong of the *Strickland* test, defendants must show that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)(citing *Strickland*, 466 U.S. at 694). Defendants must also show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* If the defendant makes an insufficient showing on either component of the ineffective assistance of counsel inquiry, it is not necessary to examine the remaining prong of the test. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

*Ineffective Assistance of Counsel for Failure to Challenge the Drug Amount*

Spells contends that his trial counsel rendered ineffective assistance because he failed to challenge the drug amount which he pled guilty to possessing. At Spells's rearraignment, the Court questioned Spells about this very issue, "You're charged in the indictment with possession with intent to distribute 50 grams or more of cocaine base . . . Are you pleading guilty because you are in fact guilty of the crimes charged?" Spells responded in the affirmative. The plea agreement which Spells signed and accepted repeats this very language. In addition, Spells agreed to and initialed the Factual Basis that stated, "During the search agents found approximately 130 grams of an off white, chunky substance contained in numerous plastic bags that later tested positive for cocaine base crack." At no point during his rearraignment did Spells protest the quantity of the cocaine base he was pleading guilty to possessing.

"[C]onclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johonson, 200 F.3d 274, 282 (5th Cir.), *cert. denied*, 531 U.S. 849, 12 S.Ct. 122, 148 L.Ed. 2d 77 (2000). Spells suggests no basis upon which to challenge the quantity of cocaine base. Thus, his contention that his lawyer failed to raise the drug amount issue is a mere conclusory assertion, and as such it fails to prove ineffective assistance of counsel.

*Ineffective Assistance of Counsel for Failure to Investigate if Spells "Possessed" the Firearm*

Spells alleges that he did not possess a firearm in furtherance of a drug trafficking offense in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) (2000). Section 924(c)(1)(A)(i) provides:

> [A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, *or who, in furtherance of any such crime possesses a firearm*, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–(i) be sentenced to a term of imprisonment of not less than 5 years. (emphasis added).

According to Title 18, United States Code, Section 924(c)(1)(A)(i), an individual need only possess a firearm to violate the statute.

Assuming *arguendo* that counsel's failure to raise the issue of possession amounts to deficient conduct, Spells is nonetheless not entitled to relief absent demonstrating that his counsel's inaction prejudiced the outcome of the proceedings.

In order to evaluate whether counsel's failure to argue that Spells did not possess a firearm in furtherance of a drug trafficking offense prejudiced Spells, it is necessary to discuss the jurisprudence in the Fifth Circuit surrounding "possession" as used in Title 18, United States

6

Code, Section 924(c)(1).  *United States v. Ceballos-Torres* established the test for determining whether a defendant possessed a firearm in furtherance of a drug trafficking offense.  218 F.3d 409 (5th Cir. 2000).  The court formulated a set of factors to determine if the possession of the firearm helped further the drug trafficking.  *Id.* at 414-15.  These factors include: " . . . the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found."  *Id.*

The test for possession of a firearm in furtherance of a drug trafficking offense has been interpreted broadly as demonstrated in *United States v. Charles*, 469 F.3d 402 (5th Cir. 2006).  In fact a conviction was affirmed where a gun was disassembled.  In *Charles*, the government arrested the defendant in his storage facility that contained cocaine and "a partially disassembled SWD model M12 .380 caliber semi-automatic pistol."  *Id.* at 404-05.  The Fifth Circuit upheld the defendant's conviction for possession of a firearm in furtherance of drug trafficking reasoning that even though the defendant previously disassembled the weapon it could have been made ready in short order.  *Id.* at 406.  Turning to the other *Ceballos-Torres* factors, the gun was found near 400 grams of crack.  *Id.* at 407.  In addition, a silencer was nearby.  *Id.*  Finally, Charles's possession of the weapon was illegal due to his status as a convicted felon.  *Id.*  The court held "[c]onsidering the evidence presented, the jury reasonably could have found that Charles possessed the weapon in furtherance of a drug trafficking offense."  *Id.*

When the government arrested Spells, they found four firearms (three of them were

loaded) in his residence.[2] The government found two guns in extremely close proximity to the drugs:

> a 9 mm semi-automatic pistol with a laser sight, loaded with a round in the chamber, *on top of the dresser where the crack was located*. A .40 caliber semi-automatic pistol, loaded with a round in the chamber, was *located on a mantle approximately two feet from the crack*.

Government's Response and Incorporated Memorandum of Law in Opposition to Defendant's Motion to Suppress at 3 ("Opp. to Sup.") (Rec. Doc. 14) (emphasis added). Considering the *Ceballos-Torres* factors, it is clear that Spells possessed a firearm in furtherance of a drug trafficking offense. The government's tipster relayed that Spells's residence served as the distribution point for the cocaine base. Two of the weapons were next to the drugs; one of the firearms was even on top of the dresser where the drugs were found. Three of the weapons were loaded and two had a round in the chamber.

In *Charles*, the court upheld possession in furtherance of a drug trafficking crime based upon the presence of a mere disassembled gun. Unlike *Charles*, Spells's residence contained three loaded firearms, all assembled and in working condition. One of the firearms was located on the dresser where the drugs were found. Looking at the standard set in *Charles*, Spells's possession is even clearer and more egregious. Studying the convictions sustained in *Charles* and *Ceballos-Torres*, one firearm is enough to satisfy the statute. Considering the presence of a significant amount of cocaine base on the dresser, and the close proximity of two assembled guns to the cocaine base, a jury could reasonably have found that Spells possessed at least one

---

[2] A 9 mm semi-automatic pistol, two .40 caliber semi-automatic pistol, and a scoped lever-action rifle.

weapon in furtherance of a drug trafficking offense.

Therefore, even if Spells's counsel had raised the possession of the firearm issue, the result would not have been any different. As such, Spells's claim of ineffective assistance of counsel fails for want of prejudice.

*Ineffective Assistance of Counsel for Failure to Raise Booker Claim*

In Spells's brief seeking a Certificate of Appealability, he asserts that he received ineffective assistance of counsel because his counsel failed ". . . to raise a *Blakely/Booker* claim based on the fact that Petitioner's sentence was enhanced based on judge found facts." According to the Court in *United States v. Booker*, 543 U.S. 220, 244, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005), "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

The Fifth Circuit has made it clear that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir.), *cert. denied*, 531 U.S. 849, 12 S.Ct. 122, 148 L.Ed. 2d 77 (2000). No where does Spells state what judge found facts enhanced his sentence. His conclusory allegations fail to point to any judge found facts that enhanced his sentence.

Notwithstanding Spells's conclusory allegations, if one looks at the record, one sees that Spells's allegations fail. Spells pled guilty to possession with intent to distribute 50 grams or more of cocaine base ("crack"), which carries a base offense level of 32. Review of the Pre-Sentencing Report revealed no judge found facts were used to enhance Spells's sentence other than those that Spells pled guilty to. The Court based Spells's sentence on the base offense level

of 32 for his plea of guilty to the drug trafficking offense. Not only were there no enhancements to his sentence, his total offense level dropped to 29 as a result of his acceptance of responsibility for the offense. His assertion that his sentence was enhanced is simply wrong and not borne out by the record.

Finally, the Court sentenced Spells to the statutory minimum sentence on both counts. Because the sentence imposed by the Court did not exceed the statutory maximum for possession with intent to distribute 50 grams or more of cocaine base ("crack"), *Booker* is inapplicable.

Spells has not met his burden of proof. Accordingly,

IT IS ORDERED that Gregory L. Spells's motion for post conviction relief pursuant to Title 28, United States Code, Section 2255 is hereby DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 5th day of December, 2008.

_____
STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE